[Cite as *State v. Cobbins*, 2022-Ohio-3941.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29365 |
| | : | |
| v. | : | Trial Court Case No. 2021-TRD-05188 |
| | : | |
| DOMINIQUE COBBINS | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2022.

. . . . . . . . . . .

JOHN D. EVERETT, Atty. Reg. No. 0069911, Kettering City Prosecutor, 2325 Wilmington Pike, Kettering, Ohio 45420
      Attorney for Plaintiff-Appellee

JOHN C. CUNNINGHAM, Atty. Reg. No. 0082475, 2555 South Dixie Drive, Suite 204, Dayton, Ohio 45409
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Dominique Cobbins appeals his convictions for operating a vehicle without an operator's license, in violation of R.C. 4510.12(C)(1), a misdemeanor of the first degree, and use of illegal license plates, in violation of R.C. 436.10, a misdemeanor of the fourth degree. Cobbins's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal and asking permission to withdraw as counsel. Counsel did not direct address any potential assignments of error. On July 19, 2022, we notified Cobbins that his counsel had found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. Cobbins has not filed a brief.

## Facts and Procedural History

{¶ 2} On the night of October 24, 2021, Kettering Police Officer Jonathan McCoy was on road patrol in his marked cruiser. At approximately 9:36 p.m., Officer McCoy observed a 2006 Pontiac Grand Prix traveling near the intersection of Cardington Road and South Dixie Drive in Kettering, Ohio. McCoy ran the vehicle's registration and the plates on the vehicle, which were expired. Also, the license plates on the Pontiac were registered to a white Ford vehicle.

{¶ 3} Based upon this information, Officer McCoy initiated a stop of the Pontiac after he found it parked in a Walmart parking lot. McCoy testified that he made contact with the driver of the vehicle, later identified as Cobbins, and asked for his identification. After running Cobbins's information, Officer McCoy issued him citations for driving without

a valid license and use of illegal license plates.   Officer McCoy also received information that there was an outstanding warrant for Cobbins's arrest from Dayton, Ohio.   Cobbins was arrested by officers from the Dayton Police Department who later arrived at the scene.

{¶ 4} A bench trial was held on December 22, 2021, and the trial court found Cobbins guilty of the charged offenses.   No presentence investigation report was ordered.   The trial court sentenced Cobbins immediately following the bench trial: 1) for driving without a valid license, 30 days in jail with 27 days suspended, and a $500 fine with $300 suspended; and 2) for use of illegal license plates, $50 fine with $50 suspended. Cobbins was also placed on two years of unsupervised probation and given an oral reminder by the trial court that he could not drive a motor vehicle until he obtained a valid driver's license.

{¶ 5} Cobbins appeals.

## Analysis

{¶ 6} As previously stated, Cobbins's appellate counsel filed a brief pursuant to *Anders*, asserting the absence of any non-frivolous issues for appeal.   Additionally, we have performed our duty to independently conduct a thorough and complete examination of all the proceedings to determine whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.   Our review included scrutiny of the entire record, including the docketed filings and the transcript of the bench trial and sentencing.   We agree with appointed counsel's assessment that there are no appealable issues with any

arguable merit.

## Conclusion

{¶ 7} Our independent review of the record reveals no non-frivolous issues for appeal. We agree with appellate counsel that Cobbins's appeal is frivolous. We grant counsel's request to withdraw from representation. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

John D. Everett
John C. Cunningham
Dominique Cobbins
Hon. Frederick W. Dressel